UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Meisha Porcher,<br><br>               Plaintiff,<br>    v.<br><br>Emerald Marketing Group, LLC; and DOES 1-10, inclusive,<br><br>               Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Meisha Porcher, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Meisha Porcher ("Plaintiff"), is an adult individual residing in Camp Springs, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Emerald Marketing Group, LLC ("Emerald"), is a business entity with an address of Emerald Marketing Group, LLC., 1489 West Warm Springs Road #110, Henderson, Nevada 89014, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Emerald and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Emerald at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Emerald for collection, or Emerald was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Emerald Engages in Harassment and Abusive Tactics**

12. The Defendants called the Plaintiff at least five times a day in an attempt to collect the Debt.

13. The Defendants failed to identify themselves when speaking with Plaintiff and did not state that Defendant's call was an attempt to collect the Debt.

14. The Plaintiff incurred cell phone charges due to the excessive phone calls made to her cellular phone by the Defendants.

15. The Defendants continuously called Plaintiff's place of employment after the Plaintiff asked them to stop.

16. The Defendants called Plaintiff's place of employment and asked to discuss the Debt with the Plaintiff's supervisor.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

32. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

33. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

34. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

35. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

39. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff excessive harassing phone calls.

40. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement

5

for an invasion of privacy.

42. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 23, 2011

Respectfully submitted,

By /s/ Forrest E. Mays_____

Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
ATTORNEYS FOR PLAINTIFF